FALEAFAGA PENI, Plaintiff/Counterdefendant

and

PAOLO SIVIA, Intervenor/Counterdefendant

v.

GOVERNOR A. P. LUTALI, AMERICAN SAMOA
GOVERNMENT, AMERICAN SAMOA HOSPITAL
AUTHORITY, and UNITED CONSTRUCTOR, INC.,
Defendants/Counterclaimants

GOVERNOR A. P. LUTALI, AMERICAN SAMOA
GOVERNMENT, AMERICAN SAMOA HOSPITAL
AUTHORITY, and UNITED CONSTRUCTOR, INC., Third Party
Plaintiffs

v.

FALEAFAGA FAMILY, ALAMOANA S. MULITAUAOPELE, and
JOHN DOES 1-20,
Third Party Defendants

High Court of American Samoa
Land and Titles Division

LT No. 8-96

July 11, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and
SAGAPOLUTELE, Associate Judge.

Counsel:    For Plaintiff/Counterdefendant and Third Party
            Defendants, Tautai A.F. Fa`alevao

For Intervenor/Counterdefendant, Tuana'itau F. Tuia
For Defendants/Counterclaimants/Third Party Plaintiffs,
Cherie Shelton Norman, Assistant Attorney General

Order Denying Motion for Reconsideration or New Trial:

On June 24, 1996, plaintiff Faleafaga Peni ("Faleafaga") moved for reconsideration of the court's opinion and order, entered on June 20, 1996. Hearing on the motion was set on July 11, 1996. On July 2, 1996, Faleafaga moved *ex parte* to stay construction of the proposed new dispensary by defendant American Samoa Government ("ASG") and the other defendants on the land at issue in Amouli, American Samoa, scheduled to commence on July 3, 1996, pending the reconsideration hearing, and to expedite the hearing. The court denied the motion to stay but granted the motion to expedite the hearing, and reset the hearing on July 3, 1996.

On July 3, 1996, the court heard the motion, as a motion for reconsideration or new trial, pursuant to A.S.C.A. § 43.0802 and T.C.R.C.P. 59. Counsel were present, except counsel for intervenor Paolo Sivia ("Paolo"), who did not file a motion for reconsideration or new trial.

## DISCUSSION

Contrary to Faleafaga's assertions, substantial evidence supports the reasonable inference found by the court that Utu represented the Faleafaga and Paolo families when he signed the 1923 deed conveying a defeasible fee interest in the communal lands of those families to ASG for the Amouli dispensary site. Since we did not marshall this evidence in a separate discussion in the opinion and order, we will set forth several salient facts.

The deed itself sets the tone for our findings. It specifically recites the participation of the village chiefs in the survey process. The witnesses from Amouli, except for one from the Utu family, unequivocally testified that the dispensary site was comprised, when the survey was made and ever since, of separate communal lands of the Faleafaga and Paolo families. They also acknowledged that ASG's interest in the land is well accepted in the village.

Faleafaga's witness Gogo Suli, sa'o of his Amouli family, was present during the 1923 proceedings. In essence, Chief Gogo confirmed the underlying communal status of the site and the participation of the Faleafaga and Paolo families in the land transaction. He went on to state

91

that the U.S. Navy informed Amouli of ASG's need for a dispensary site, that Utu Suaese as the leading matai called the village matai together to discuss this requirement, and that Faleafaga offered his family's communal land for this purpose. Apparently, the Paolo family's communal land was not specifically discussed at the meeting, as construction of the nurses' quarters was not then under consideration. In our view, Chief Gogo explained that Utu and the Navy dealt with each other only to facilitate the negotiations and deed signing.

Faleafaga's witness Fuata Pepa, sa`o of his Amouli family, was also present during the 1923 proceedings. In essence, Chief Fuata likewise verified the underlying communal status of the site and the participation of the Faleafaga and Paolo families in the land transaction. He further stated that the deed was properly made in the manner of the era as a transfer of "Amouli" land for public use.

We also repeat that ASG's title interest in the land was well established. The deed is not flawed by irregular formalities, including lack of notice. Faleafaga claims that because the Amouli matai were so unsophisticated in those days, they in general, and the Faleafaga and Paolo titleholders in particular, could not have understood the legal aspects of land documents. We find that this plea, repetitiously declared during the trial and still by this motion, is almost totally speculative under the evidence, and is certainly unconvincing. We have no doubt that even if they were unfamiliar with deed technicalities, the matai knew the purpose of the land transaction and understood the nature of the proceedings.

■ We also take issue with Faleafaga's misplaced charge that we are setting dangerous precedent. We did not in any way suggest that a matai has any inherent legal authority to convey another family's communal land. Surely, our decision does not erode a sa`o's exclusive authority to convey his own family's communal lands. The present case is strictly limited to the unique circumstances surrounding this particular transaction in 1923, and is only precedent for like situations in the same era in which the evidence shows that ASG, under the former U.S. Navy administration, dealt with a leading matai of a village when acquiring land for public use.

Under the evidence in this case, we could have found that the Utu family is the communal landowner of the reversionary interest in the dispensary site. However, we were convincingly persuaded that the Faleafaga and Paolo families own this interest. Faleafaga and Paolo would better expend resources perfecting their families' communal land interests. We gave them the opportunity by our decision, but we cannot close out any contrary claim by the Utu family, which was not a party to this action. Now that ASG is under a court order to recognize their communal land interests, Faleafaga

92

and Paolo could, after reciting their communal land titles, convey anew a defeasible fee interest to ASG in the dispensary site. They could also offer the lands for title registration as their respective communal lands, if they want to seek a definitive resolution against any claim the Utu family may still want to assert over these lands.

## ORDER

The motion for reconsideration or new trial is denied.

It is so ordered.